# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

BLUE SKIES ALLIANCE, et al.,

    Plaintiffs,

v.

STEPHEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, et al.,

    Defendants.

Civil Action No. 3:04-CIV-2169-R



## MOTION TO ENTER CONSENT DECREE PURSUANT TO STIPULATION BY PLAINTIFF, DEFENDANTS, AND INTERVENOR-DEFENDANT TCEQ

Plaintiffs (collectively "Blue Skies"), and Defendants (collectively "EPA") jointly request the Court to sign and enter the Consent Decree submitted with this motion. Intervenor-defendant Texas Commission on Environmental Quality ("TCEQ") has signed the proposed stipulated order submitted herewith. The following intervenor-defendants have not signed the instant stipulation, which was sent to them by EPA on July 11, 2005: Tarrant County; Collins County; Ellis County; City of Garland; Portland Cement Association; Association of Electric Companies of Texas; and the BCAA Appeal Group. However, these intervenor-defendants have authorized EPA to state that they do not oppose entry of the Consent Decree.

Blue Skies filed this action on October 6, 2004. The complaint alleges that: (1) EPA has failed to perform a nondiscretionary duty pursuant to section 181(b)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7511(b)(2) to determine whether the Dallas/Ft. Worth ozone nonattainment area ("DFW") had attained the one-hour national ambient air quality standard for ozone by the applicable statutory attainment date and (2) EPA has failed to perform a nondiscretionary duty pursuant to CAA section 110(k)(2), 42 U.S.C. § 7410(k)(2), to take final action by the statutory deadline on two state implementation plan revisions for DFW submitted by the TCEQ to EPA in April 2000. On May 6, 2005, EPA lodged a proposed Consent Decree with this Court. Notice of the proposed Consent Decree was published in the Federal Register, 70 Fed. Reg. 32,326 (June 2, 2005), to allow for public comment as required by CAA section 113(g), 42 U.S.C. § 7413(g). EPA allowed a period of thirty days for public comments. Id.

The comment period has expired. No comments were received. EPA has decided not to withhold its consent to the Consent Decree as authorized by section 113(g) of the Act. The Department of Justice concurs in EPA's conclusion that consent to the Consent Decree should not be withheld. However, EPA, DOJ, and Blue Skies have agreed that the Consent Decree as lodged should be modified to delete Paragraph 12, which set forth the Agency's obligations under CAA section 113(g). Because EPA has completed these obligations, the Paragraph is moot. Therefore, this Paragraph has been deleted from the Consent Decree presented to the Court for entry and the remaining Paragraphs have been renumbered accordingly.

Respectfully submitted,

For Plaintiffs

MARC S. CHYTILO
Law Office of Marc Chytilo
1505 Mission Canyon Road
Santa Barbara, CA 93105
Telephone: (805) 682-0585
Fax: (805) 682-2379
Email: airlaw5@cox.net

Dated: 7/12/05

For Defendants

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division

EILEEN T. McDONOUGH
Environmental Defense Section
United States Department of Justice
Post Office Box 23986
Washington, D.C. 20026-3986
telephone: (202) 514-3126
fax: (202) 514-8865
eileen.mcdonough@usdoj.gov

JAN M. TIERNEY
U.S. Environmental Protection Agency
Office of General Counsel
Ariel Rios Building - North
1200 Pennsylvania Ave., NW
Washington, DC 20460
telephone: (202) 564-5598
fax: (202) 564-5603

tierney.jan@epa.gov

Suzanne J. Smith-Roquemore
U.S. Environmental Protection Agency, Region VI
Office of Regional Counsel
1445 Ross Avenue, Suite 1200
Dallas, TX 75202-2733
telephone: (214) 665-8027
fax: (214) 665-2182
smith-roquemore.suzanne@epa.gov

Dated: *August 3 2005*